OPINION
Appellant Glenn Wallace appeals a judgment of the Coshocton County Court of Common Pleas, classifying him as a sexual predator pursuant to R.C. 2950.09:
ASSIGNMENTS OF ERROR
 I. THE COURT'S DECISION VIOLATES THE OHIO AND FEDERAL CONSTITUTIONS BY LABELING THE DEFENDANT AS A SEXUAL PREDATOR AND SUBJECTING HIM TO THE REQUIREMENTS OF O.R.C. 2950.
II. O.R.C. 2950.09 (C) IS VOID FOR VAGUENESS.
 III. DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
On July 26, 1995, appellant Glenn Wallace was indicted by the Coshocton County Grand Jury with three counts of sexual imposition. After the court found him competent to stand trial, appellant entered a plea of guilty to all three counts. Following a recommendation by the Warden of the Noble Correctional Institution, the court held a hearing on whether appellant should be classified as a sexual predator pursuant to R.C. Chapter 2950. Following a hearing, the court classified appellant as a sexual predator.
 I
Appellant argue that R.C. 2950 violates the retroactivity and ex post facto clauses of the U.S. and Ohio Constitutions. This assignment of error is on the authority of State v. Cook (1998),83 Ohio St.3d 404, at paragraphs one and two of the syllabus.
 II
Appellant argues that R.C. 2950 is void for vagueness. This assignment of error is overruled on the authority of State v. Albaugh (February 1, 1999), Stark Appellate No. 1997CA00167 and 1997CA00222, unreported.
 III
Appellant argues that the judgment is against the manifest weight of the evidence. Although the court held a hearing in the instant case, the court did not accept evidence at that time. The court noted on the record that the underlying offenses involved multiple victims, who were under the age of thirteen. While we assume that the court drew this information from his past dealing with the case, there is no evidence in the record to support these findings. Pursuant to R.C. 2950.09 (B)(3), the court is to review all testimony presented at the sexual predator hearing to determine whether the defendant is a sexual predator by clear and convincing evidence. Because it appears that the court in the instant case based his conclusion on his prior knowledge of the case, which is not a part of the record before this court on appeal, the record is insufficient to allow meaningful review of the finding in the instant case. The court did not conduct a proper evidentiary hearing as required by the statute to determine whether appellant should be classified as a sexual predator. The third assignment of error is sustained.
This case is remanded to the Coshocton County Common Pleas with instructions to conduct an evidentiary hearing to determine whether appellant should be classified as a sexual predator pursuant to R.C. 2950.09.
By Gwin, P.J., Farmer, J., and Edwards, J., concur